IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY L. WOLFE            )<br>                                           )<br>     Plaintiff,                      )<br>                                           )<br>  -vs-                                )<br>                                           )<br>ANDREW M. SAUL,            )<br>ACTING COMMISSIONER OF SOCIAL )<br>SECURITY,                         )<br>                                           )<br>     Defendant.                  ) | Civil Action No. 19-127 |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Tammy L. Wolfe ("Wolfe") applied for child's insurance benefits, alleging a disability onset of October 22, 1991.[1] Wolfe, her mother, and a vocational expert ("VE") testified at a hearing. (R. 15) Following the hearing, the ALJ denied Wolfe's claims. Wolfe later appealed. Before the Court are the parties' cross-motions. *See* ECF Docket Nos. 13 and 17. For the reasons below, the ALJ's decision is affirmed.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is

---

[1] Wolfe initially alleged an onset date of February 1, 1992 but, because that date would render her ineligible for child disability benefits, the ALJ analyzed the record as of October 22, 1991. (R. 15)

1

based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." Id.  The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979); Richardson, 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196-7, 67 S. Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert

opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." <u>Brunson v. Astrue,</u> 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. The ALJ's Decision

At step one, the ALJ determined that Wolfe has not engaged in substantial gainful activity since the alleged onset date. (R. 17) The ALJ also determined that Wolfe suffered from the severe impairment of an IQ in the educable mental retardation range. (R. 17) Those impairments, or a combination thereof, however, do not meet or equal one of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18-19) Further, the ALJ concluded that, before the age of 22, Wolfe had the RFC to perform a full range of work with certain limitations. (R. 19-21) The ALJ also found that Wolfe has no past work. (R. 21) Nevertheless, considering her age, education, work experience, and RFC, the ALJ concluded that there are jobs that exist in significant numbers in the national economy which Wolfe could perform. (R. 21-22) Accordingly, the ALJ denied benefits.

## III. Discussion

Wolfe's appeal rests on a single contention – that the ALJ's decision is not supported by substantial evidence because the decision contradicts the Social Security Administration's award of benefits beginning on February 7,1992. (R. 213-216) Wolfe urges that she "was no less intellectually limited on October 22, 1991 than she was on February 7, 1992, when she was determined to be disabled under applicable law and awarded SSI benefits." ECF Docket No. 14, p. 4. Wolfe's argument has merit. Yet the record does not mandate a remand.

The ALJ explained that he gave "little weight" to the prior SSI award because "the basis for the decision was not submitted in support of the conclusion that the claimant was disabled." (R.21) I agree with the ALJ that the record is devoid of any explanation for the award of benefits in 1992. This is not a case in which the ALJ declined to consider a prior ALJ opinion. Simply stated, there is nothing in the record showing the basis or reasoning behind the award. It seems a fair inference that it would have stemmed from intellectual disabilities, but my position here is not one of *de novo* review. Rather, I am tasked with determining whether the ALJ's decision is supported by substantial evidence of record.

Wolfe cites to evidence from the record in support of her contentions. The standard, however, is not whether there is evidence to establish her position but whether there is substantial evidence to support the ALJ's findings. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). "Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance." Hundley v. Colvin, Civ. No. 16-153, 2016 WL 6647913, at * 2 (W.D. Pa. Nov. 10, 2016), citing, Jesurum v. Sec'y. of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995).

After careful review, I find that substantial evidence supports the ALJ's findings. For instance, the ALJ noted that IQ tests revealed that Wolfe functioned within the educable mentally retarded level of intelligence. (R. 20, 222) Testing also showed that Wolfe was "achieving at levels significantly greater than expected in reading recognition and spelling, compared to her intellectual potential, and at the expectancy level in arithmetic." (R. 20, 222) Teachers described Wolfe as cooperative and thorough and noted her ability to perform well on tasks requiring rote skills. (R. 20, 220) The certified

4

school psychologist described Wolfe as "an academically overachieving student." (R. 223) The ALJ explained that Wolfe graduated from high school while taking regular classes. (R. 20, 31) Additionally, the ALJ observed that Wolfe can perform many activities of daily living, such as doing basic housework, tending to her own personal care, preparing simple meals, attend church and care for pets. (R. 20-21) This evidence supports the ALJ's conclusion that she can perform a full range of work with the following nonexertional limitations: she can understand, remember, and carry out simple instructions and make simple work-related decisions; she can read and write simple instructions; she can perform no work handling money, making change, or performing more than simple addition and subtraction; she can sustain an ordinary work routine without special supervision and work at a consistent pace but not at a production rate pace; she can tolerate occasional interaction with coworkers and supervisors but no interaction with the public; she can work in proximity to others without distracting them or being distracted by them; and she can tolerate occasional work changes but no changes in the location of the work setting. (R. 19) Because substantial evidence of record supports the ALJ's reasoning and because there is no error of law, remand is not warranted.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY L. WOLFE, )<br>    Plaintiff, )<br>)<br>-vs- )<br>)<br>ANDREW M. SAUL, )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>    Defendant. ) | Civil Action No. 19-127 |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 5th day of November, 2020, it is hereby ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 13) is DENIED and the Defendant's Motion for Summary Judgment (Docket No. 17) is GRANTED. It is further ORDERED that the case is to be marked "Closed" forthwith.

BY THE COURT:

_____
Donetta W. Ambrose
United States Senior District Judge